UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH BUCKMAN                                                     PLAINTIFF

v.                                           CIVIL ACTION NO. 3:14-CV-00921-CRS

NAU COUNTRY
INSURANCE COMPANY, *et al.*                        DEFENDANTS

## MEMORANDUM OPINION

This case is before the Court on Defendant NAU Country Insurance Company's ("NAU") motion for summary judgment and Plaintiff Joseph Buckman's partial motion for summary judgment. Buckman's only remaining claim in this matter is against NAU for negligent misrepresentation. The Court previously dismissed Buckman's claims against AgPerspective, Inc., which acted as NAU's agent in selling the corn crop policy at issue.

The Court will grant NAU's motion and deny Buckman's motion.

## BACKGROUND

In this Court's previous dispositive ruling on AgPerspective's motion to dismiss, the Court summarized the facts as follows:

> This case is about representations made in connection to a crop insurance policy. In March 2011, Buckman applied through AgPerspective for a Group Risk Income Protection ("GRIP") insurance policy under the Federal Crop Insurance Act ("FCIA") for his 2011 corn crop. At the time of the application, an AgPerspective insurance agent told Buckman that he would be entitled to an indemnity payment if Marion County's 2011 actual corn crop yield was more than ten percent less than the expected yield; Marion County's 2011 expected yield was 136.7 bushels per acre; and Marion County's 2011 actual corn crop yield would be based on planted acres.

1

> Buckman subsequently purchased and entered into the GRIP policy with [NAU]. The parties do not dispute that the agent misrepresented the policy terms. Marion County's 2011 actual corn crop yield would be based on harvested acres – not planted acres. This shift in calculation alters the number of bushels per acre in the final actual yield, which could decrease the likelihood of triggering an indemnity payment.
>
> On March 8, 2012, the same AgPerspective agent visited Buckman to discuss 2012 corn crop coverage. At this time, the agent informed Buckman:
> - Marion County's 2011 actual corn crop yield was 102.1 bushels per acre; and
> - Under the GRIP policy, NAU would issue Buckman an indemnity payment in the amount of $104,961.
>
> The agent also provided Buckman with a document showing a calculation purporting to be Marion County's actual corn crop yield. Buckman then leased his farm, disposed of his farm equipment, and exited farming.
>
> On April 11, 2012, the same AgPerspective agent visited Buckman. The agent told Buckman that AgPerspective originally calculated the corn crop yield using the planted acres standard, not the correct harvested acres standard. Marion County's 2011 actual corn crop yield, under the harvested acres standard, was 125 bushels per acre. Using the harvested acres standard, the agent told Buckman, NAU would not issue an indemnity payment.

March 18, 2016 Mem. Op. 1 – 2, ECF No. 29.

AgPerspective successfully moved to dismiss Buckman's negligent and intentional misrepresentation claims against it. The Court based this decision on findings that:

1. Under federal law, Buckman is charged with knowledge of his corn crop policy; *id.* at 6; and

2. As he had knowledge of his corn crop policy, he could not have reasonably relied on AgPerspective's agent's erroneous representations. *Id.* at 7.

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The non-moving party must show

that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

NAU moves for summary judgment on Buckman's misrepresentation claim. Buckman moves for partial summary judgment on this same claim. To establish a claim of negligent or intentional misrepresentation under Kentucky law, the plaintiff must establish that his reliance on a misrepresentation was reasonable. *See Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 580 (Ky. 2004); *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). This Court has already held that Buckman's reliance on the relevant misrepresentation was not reasonable. *See* March 18, 2016 Memo. Op., ECF No. 29.

Under the law of the case doctrine, findings made previously in the litigation become the "law of the case" in subsequent stages of that litigation, barring an applicable exception. *See Entertainment Productions, Inc. v. Shelby Co., Tenn.*, 721 F.3d 729, 742 (6th Cir. 2013) (citing *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). The parties do not allege any exception applies. The Court will again find that Buckman's reliance on the agent's misrepresentation was not reasonable.

Buckman argues in his partial motion for summary judgment and in response to NAU's motion in summary judgment that NAU is barred under the doctrines of *res judicata* and collateral estoppel from asserting the defenses AgPerspective raised in its motion to dismiss. *See*

Pl.'s Resp. 3, ECF No. 40; Pl.'s Memo. Supp. Mot. Partial Summ. J. 8, ECF No. 34-1. Buckman argues these barriers arise from previous arbitration between Buckman and NAU. Pl.'s Mem. Supp. Mot. Partial Summ. J. 8. This argument lacks merit.

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Similarly, "[u]nder collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Id.* These doctrines "preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153 – 54.

The arbitration Buckman refers to concluded that "[t]he negligent misrepresentation claim is beyond the scope of this arbitration and is in no way affected by this arbitration and is preserved for Buckman to take whatever action Buckman and his attorney deem appropriate." Arbitrator's Award 6, ECF No. 43-1. As the arbitrator lacked jurisdiction, the negligent misrepresentation claim was not previously litigated. The arbitrator did not enter a final judgment on the merits of the claim now at issue nor did the parties fully litigate this matter. Precluding certain defenses raised during arbitration would unfairly punish parties when the underlying claim was not fully or finally litigated previously. As the arbitrator concluded he lacked jurisdiction to even consider the relevant claim, the arbitrator's reasoning elsewhere in his award is dicta and does not bind this Court.

Consistent with this Court's previous opinion finding Buckman did not reasonably rely on NAU's agent's misrepresentation, the Court finds there are no remaining genuine factual issues and NAU is entitled to judgment as a matter law on Buckman's negligent misrepresentation claim.

## Conclusion

The Court will grant NAU's motion for summary judgment and deny Buckman's motion for partial summary judgment.

The Court will enter a separate opinion in accordance with this memorandum.

August 3, 2016

Charles R. Simpson III, Senior Judge
United States District Court